**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**

**IN RE: WALTER TAPLIN** **CASE NO. 24-00505-KMS**
**CHAPTER 13**

---

**WALTER TAPLIN** **PLAINTIFF**

**v.** **ADVERSARY PROCEEDING NO._____________**

**NEWREZ LLC**
**D/B/A SHELLPOINT MORTGAGE SERVICING** **DEFENDANT**

**COMPLAINT SEEKING DAMAGES IN CORE ADVERSARY PROCEEDING**

This is an action for actual and punitive damages filed by Walter Taplin, the debtor.

**JURISDICTION AND VENUE**

1. The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. Sections 157 and 1334. This is a core proceeding under 28 U.S.C. Section 157(b)(2). This adversary proceeding is brought in connection with the debtor's chapter 13 bankruptcy case.

2. Venue is proper in this Court pursuant to 28 U.S.C. Section 1409.

**PARTIES**

3. The plaintiff, Walter Taplin, is a chapter 13 debtor in case number 24-00505 KMS, presently pending before this Court.

4. The defendant NewRez LLC D/B/A Shellpoint Mortgage Servicing is a Delaware Corporation, maintaining its principal place of business in Pennsylvania, and may be served with process of this Court by service upon its registered agent for service of process, Corporation Service Company, 109 Executive Drive, Suite 3, Madison, MS 39110.

## FACTUAL BACKGROUND

5. On November 23, 2020, the debtor's home was lost to fire. The homeowner's insurance company, USAA, mailed check number 0030220031, dated January 7, 2021, in the amount of $60,240.53 to Mr. Cooper Mortgage Company as payment of the mortgage in full. (See exhibit-A-check)

6. On February 11, 2021, the debtor received a letter from Mr. Cooper Mortgage Company stating that the payoff check number 0030220031 in the amount of $60,240.53 was declined due to the following reason: **THE LOAN HAS BEEN TRANSFERRED TO A NEW SERVICER**. (See exhibit B-Mr. Cooper letter)

7. The debtor contacted USAA for another check. Check number 0030976583, dated 4/21/2021, was issued by USAA in the amount of $60,240.53. This check was endorsed by the debtor (and his wife, NFS) and on 4/28/2021 mailed to the new loan servicer, Shellpoint Mortgage, Post Office Box 10826, Greenville, SC 29603. On May 8, 2021, the check was received by signature and deposited by Fifth Third Bank, D/B/A Shellpoint Mortgage. (See Exhibit C-proof of mailing, and exhibit D-proof of delivery and acceptance)

8. The mortgage account number 0579823466 was paid in full by USAA Insurance settlement check number 0030976583 in the amount of $60,240.53. A copy of the canceled check reflects the account number and the date 5/13/21 handwritten on the front of the check, which was apparently affixed by a Shellpoint employee prior to depositing the check. The endorsement shows Fifth Third Bank. The check was deposited and cleared the bank on 6/2/2021. (See exhibit E-cancelled check)

9. Despite the payoff check clearing the defendant's bank on June 2, 2021, the defendant continued to mail statements, and other correspondence to the plaintiff stating that the plaintiff's loan was in default, and threatening foreclosure.

10. Due to the threats of foreclosure, and correspondence alleging default, the plaintiff was forced to retain counsel to represent his interest. Attorney Charles Miller corresponded with the defendant on April 5, 2022 on behalf of the plaintiff. In his correspondence, Mr. Miller set forth the relevant facts in detail, and clearly showed (with check number and cancelled check) that the mortgage loan had been paid off in full, and requested that the errors be corrected.

11. The errors were not corrected, and the mortgage statements and other correspondence from Shellpoint to the plaintiff continued to state that the account was delinquent.

12. In 2022, the plaintiff received Notice of Acceleration and Foreclosure from Shellpoint. However, Mr. Miller intervened on behalf of the plaintiff and was able to get Shellpoint to cancel the foreclosure.

13. In January 2024, the defendant again instituted foreclosure proceedings, and the sale date was scheduled for March 8, 2024. Mr. Miller attempted to get Shellpoint to cancel the foreclosure, but Shellpoint refused. (See Exhibit F-Notice of Acceleration and Foreclosure)

14. With no other viable solution, the debtor was forced to file chapter 13 bankruptcy on March 5, 2024.

15. Even after the chapter 13 bankruptcy was filed, Shellpoint filed a proof of claim stating that the debtor was substantially delinquent with his loan when in fact the loan was not delinquent, and had been paid off years earlier.

**BREACH OF CONTRACT**

16. The plaintiff incorporates by reference the allegations contained in the preceding paragraphs.

17. The deed of trust and promissory note constitute a valid contract between the parties. (See Exhibit G-deed of trust and promissory note)

18. The defendant breached the terms of the contract by its failure to credit the

plaintiff's account for payment in full that the defendant had already received, misapplying funds, miscalculating payments, and failing to adhere to proper procedures.

19. The defendant also breached the terms of the promissory note, and deed of trust when the defendant instituted foreclosure proceedings when it had no legal or contractual basis to do so, and in violation of the default terms of the contract between the parties.

20. The defendant's breach of contract was a direct and proximate cause of the mental and emotional distress, and related damages suffered by the plaintiff.

## NEGLIGENCE

21. The plaintiff incorporates by reference the allegations contained in the preceding paragraphs.

22. The defendant had a legal duty to act with reasonable care to avoid causing harm to the plaintiff.

23. The defendant breached its duty by its errors in accounting over several years, misapplying funds, miscalculating payments, failing to adhere to proper procedures, and negligently attempting to foreclose on the plaintiff's property when in fact the mortgage loan was not in default, and had been paid off in full.

24. The compliance controls, employee training, and screening process used by the defendant to identify accounts where payments are received in circumstances such as these were inadequate.

25. The defendant's negligence caused the plaintiff to suffer damages, including, but not limited to, severe mental and emotional distress, loss of enjoyment of life, and related damages. The plaintiff was further damaged by being forced to retain Attorney Miller, to file chapter 13 bankruptcy, and other related damages.

**NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

26. The plaintiff incorporates by reference the allegations contained in the preceding paragraphs.

27. The defendant had a duty to act with reasonable care to avoid causing harm to the plaintiff.

28. The defendant's failures and actions were outrageous, reckless and wanton, and as such a breach of the defendant's duty.

29. The defendant's outrageous, reckless and wanton actions were a direct cause of the severe emotional distress, and related damages suffered by the plaintiff.

**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

30. The plaintiff incorporates by reference the allegations contained in the preceding paragraphs.

31. The defendant acted with reckless disregard.

32. The plaintiff experienced severe emotional distress, and other related damages as a direct result of the defendant's reckless disregard.

**WHEREFORE** the debtor prays for judgment against the defendant as follows:

1. For an award of actual and compensatory damages in an amount to be proven at trial.
2. For an award of punitive damages against the defendant.
3. For an award of attorneys' fees and costs.
4. For such other and further relief as the Court deems just and proper.

Respectfully Submitted,

WALTER TAPLIN

BY: /s/Michael M. Williams
MICHAEL M. WILLIAMS

.

Davis & Williams, PLLC
1441 Lakeover Road
Jackson, MS 39213
mwilliams@dgwlaw.com
Tel. (601) 981-2800
Fax (601) 981-7979