**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF MISSISSIPPI**

IN RE: WALTER TAPLIN — CASE NO. 24-00505-KMS
CHAPTER 13

WALTER TAPLIN — PLAINTIFF

v. — Adv. No. 25-00019-KMS

NewRez LLC D/BA Shellpoint Mortgage Servicing — DEFENDANT

# MEMORANDUM BRIEF IN SUPPORT OF CLAIM FOR DAMAGES

## I. PRELIMINARY STATEMENT

The Plaintiff, Walter Taplin, seeks damages from the egregious and sustained misconduct of NewRez LLC d/b/a Shellpoint Mortgage Servicing ("Shellpoint"). Despite receiving and depositing a full payoff check of $60,240.53 in May 2021, Shellpoint engaged in a multi-year campaign of harassment, including threatening foreclosure and misapplying funds, ultimately forcing the Plaintiff into a Chapter 13 bankruptcy to save his home.

## II. LEGAL ARGUMENT

### A. Intentional Infliction of Emotional Distress

When considering whether to the tort of Intentional Infliction of Emotional Distress is applicable, the Mississippi Supreme Court has stated that "… the standard is whether the defendant's behavior is malicious, intentional, willful, wanton, grossly careless, indifferent or reckless." *Leaf River Forest Products, Inc. v. Ferguson*, 662 So. 2d 648, 659 (Miss. 1995) quoting *Sears, Roebuck & Co. v. Devers*, 405 So. 2d 898 (Miss.1981).

In this case, the plaintiff's mortgage account, number 0579823466, with Shellpoint as lienholder, was paid in full by USAA Insurance settlement check number 0030976583 in the amount of $60,240.53. A copy of the canceled check reflects the account number and the date 5/13/21 handwritten on the front of the check, which was apparently affixed by a Shellpoint employee prior to depositing the check. The endorsement shows Fifth Third Bank. The check was deposited and cleared the bank on 6/2/2001. (cancelled check-Exhibit E to the complaint)

Despite the payoff check clearing the defendant's bank on June 2, 2021, the defendant continued to mail statements, and other correspondence to the plaintiff stating that the plaintiff's loan was in default, and threatening foreclosure.

Due to the threats of foreclosure, and correspondence alleging default, the plaintiff was forced to retain counsel (Miller and Miller Law Firm, McComb, MS) to represent his interests. Attorney Charles Miller corresponded with the defendant on April 5, 2022 on behalf of the plaintiff and set

forth the relevant facts in detail, clearly showing (with the check number and cancelled check) that the mortgage loan had been paid off in full, and requesting that the errors be corrected.

The errors were not corrected, and the mortgage statements and other correspondence from Shellpoint to the plaintiff continued to state that the account was delinquent.

In 2022, the plaintiff received Notice of Acceleration and Foreclosure from Shellpoint. However, Attorney Miller intervened on behalf of the plaintiff. Shellpoint cancelled the foreclosure.

In January 2024, the defendant again instituted foreclosure proceedings, and the sale date was scheduled for March 8, 2024. Attorney Miller attempted to get Shellpoint to cancel the foreclosure, but this time Shellpoint refused. (Exhibit F to the Complaint-Notice of Acceleration and Foreclosure).

With no other viable solution, the plaintiff was forced into chapter 13 bankruptcy to save his home from foreclosure. (Case # 24-00505-KMS filed on 3/5/2024)

Even after the bankruptcy was filed, the defendant's wanton, grossly careless, indifferent and reckless behavior continued. Shellpoint filed a proof of claim with the Court stating that the debtor was substantially delinquent with his mortgage loan, when in fact the loan had been paid off years earlier. (Claim 2 filed in case # 24-00505 KMS on 5/14/2024)

After the subject Adversary Complaint was filed, and the defendant duly served in accordance with all applicable rules, Shellpoint refused to file any responsive pleadings or defend its conduct.

Shellpoint's conduct was outrageous. Despite receiving a payoff check for **$60,240.53** in May 2021-which was deposited and cleared the defendant's bank- the defendant engaged in a multi-year campaign of harassment. This included mailing default notices, threatening foreclosure, and eventually instituting foreclosure proceedings twice (in 2022 and 2024). Shellpoint's prolonged, systematic disregard for the truth and the plaintiff's property rights constitute the wanton, grossly careless, indifferent, and reckless conduct required by Intentional Infliction of Emotional Distress.

At the hearing on damages before the Court, the plaintiff testified to how the outrageous conduct of Shellpoint has caused him to suffer mental anguish, mental and emotional distress, embarrassment due to the public foreclosure notices and subsequent bankruptcy, loss of sleep, loss of enjoyment of life, and depression. During his testimony, he was so overcome with emotion about Shellpoint's outrageous conduct that he cried through a portion of his testimony, and had to briefly stop his testimony to gather himself.

In an analogous situation to *Universal life Ins. Co. v. Veasley*, 610 So.2d 290, 295 (Miss. 1992), it is entirely foreseeable by a mortgage servicer that the failure to acknowledge receipt of a payoff check in the amount of $60,240.53 through reckless, wanton and grossly careless conduct would cause some anxiety and emotional distress to the homeowner. Additional inconvenience and expense, attorney's fees and the like should also be expected in an effort to have the oversight corrected.

### B. Negligent Infliction of Emotional Distress

Under Mississippi law, a plaintiff asserting a claim for mental anguish must prove that the emotional distress was a reasonably foreseeable result of the defendant's conduct and resulted in

demonstrable harm. *Adams v. U.S. Homecrafters, Inc*., 744 So. 2d 736, 742 (Miss. 1999).

It is certainly reasonable that that mental and emotional distress, and mental anguish that the Plaintiff testified to are foreseeable consequences of the wrongful threats of foreclosure on one's home.

The Plaintiff testified to the years of mental and emotional distress, loss of sleep, and embarrassment, loss of enjoyment of life due to the outrageous conduct of the defendant. Defendant's conduct was a direct and proximate cause of Plaintiff's damages.

### C. Punitive Damages

Mississippi Code Section 11-1-65 allows punitive damages where a defendant acts with "actual malice, gross negligence which evidences a willful, wanton or reckless disregard for the safety of others, or committed actual fraud."

The defendant's actions were not a mere accounting "glitch." Filing a proof of claim in a federal bankruptcy proceeding for a debt known to be satisfied demonstrates a "wanton and reckless" disregard for judicial integrity and the plaintiff's rights.

Punitive damages are warranted here to deter similar conduct by mortgage servicers who fail to implement adequate compliance controls and ignore direct evidence of account satisfaction, causing irreparable harm to consumers.

## III. Attorney's Fees and Costs

Plaintiff is entitled to attorney's fees and costs based on the following:

**Contractual Provisions:** The Deed of Trust and Promissory Note, which the Court has found the Defendant breached, provide for the recovery of legal fees incurred in protecting the lender's interest or as a result of a breach. The Plaintiff is entitled to the same consideration under the contract.

**Punitive Damages tie-in:** Mississippi law allows for the award of attorney's fees where punitive damages are proper, as the conduct effectively forces the Plaintiff into litigation to vindicate basic legal rights that were disregarded in bad faith.

**Equitable Powers of Bankruptcy Court:** The Court may award fees and costs in the administration of justice.

The Plaintiff testified that his out of pocket costs for attorney fees and expenses exceed $15,000.00.

See the attached attorney itemization.

## IV. Conclusion

The evidence demonstrates that Shellpoint's actions were not merely negligent but rose to the level of wanton, grossly careless, indifferent or reckless. Plaintiff, Walter Taplin respectfully requests that this Court award actual, compensatory, punitive damages, along with all associated legal fees, to remedy the profound harm caused by the Defendant's systemic failures.

Respectfully submitted,

WALTER TAPLIN

By: /s/ Michael M. Williams

Submitted by:
/s/ Michael M. Williams
Michael M. Williams, (MSB#7252)
Davis & Williams, PLLC
1441 Lakeover Road
Jackson, MS 39213
Telephone Number: (601) 981-2800
Email Address: mwilliams@dgwlaw.com